UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EBONY APPLETON, <br><br> Plaintiff, <br><br> v. <br><br> GARY TEACHERS UNION and GLENEVA DUHNAM, <br><br> Defendants. | CAUSE NO.: 2:24-CV-54-TLS-JEM |

**OPINION AND ORDER**

Ebony Appleton, a plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against Defendants Gary Teachers Union and Gleneva Duhnam. The Plaintiff also filed a Motion to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and she is GRANTED time to amend her Complaint, accompanied either by the statutory filing fee or another Motion to Proceed In Forma Pauperis. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal

courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the Plaintiff's motion establishes that she is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim, applying the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

Here, the Plaintiff's Complaint contains only three statements in the section titled "Claims and Facts": "Breach of contract"; "Did not give me union assistance"; "No meeting or support rendered." Under the heading "Relief," the Complaint provides: "Pay back my union dues [with] interest"; "Assist with Job"; "Help w. new position in job"; and "Paid over 15 years."

As for any claim against Gary Teachers Union, a generous reading of the allegations suggests that the Plaintiff may be attempting to bring a claim under the Labor Management Relations Act (LMRA) for breach of the duty of fair representation by the union. Under Section 301 of the LMRA, federal courts have jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Such a claim must be based on the breach of a collective bargaining agreement by the employer, which results in a hybrid suit against the employer and the union. *See Cunningham v. Air Line Pilots Ass'n, Int'l*, 769 F.3d 539, 541 (7th Cir. 2014) ("Success in a hybrid contract/DFR suit depends on showing *both* that the employer violated the contract *and* that the union did not represent the workers fairly."). The Plaintiff has not alleged any facts showing that her employer breached a collective bargaining agreement.

Moreover, the Plaintiff has not alleged facts sufficient to state a claim of breach of the duty of fair representation by the union. "A union breaches the duty of fair representation if its actions are (1) arbitrary, (2) discriminatory, or (3) made in bad faith." *Bishop v. Air Line Pilots As'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (citing *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991)). "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness, as to be irrational." *Rupcich v. United Food & Com. Workers Int'l Union*, 833 F.3d 847, 854 (7th Cir. 2016) (cleaned up) (quoting *O'Neill*, 499 U.S. at 67). To state a claim based on a union's actions being discriminatory or in bad faith, a plaintiff must allege "that the union acted (or failed to act) due to an i*mproper motive*." *Bishop*, 900 F.3d at 398 (cleaned up).

Here, the Plaintiff makes only vague allegations that the Defendants "Did not give [her] union assistance" and "No meeting or support rendered." She offers no factual context for these

3

statements that would state a colorable claim. She does not explain what "assistance" she required that the union failed to provide. She does not explain what "meeting" or "support" was needed or due to her by the union. To the extent she may be alleging that the union did not file a grievance on her behalf, she does not allege any facts regarding a request for a grievance or what the grievance was about. Nor does the Plaintiff offer any facts to show that the union acted arbitrarily, discriminatorily, or in bad faith. For all these reasons, any hybrid claim under the LRMA against the union must be dismissed.

It is also possible to bring claim against the union based on the breach of some duty the union owed the Plaintiff unrelated to a collective bargaining agreement. *See, e.g.*, *Wickstrom v. Air Line Pilots Ass'n, Int'l*, No. 23 C 2631, 2023 WL 5720989, at *4 (N.D. Ill. Sept. 5, 2023) (considering whether the plaintiff was alleging a hybrid claim for breach of a collective bargaining agreement or instead for failure to challenge working conditions). However, the Plaintiff has alleged no facts to support such a claim, and the Court cannot discern one.

To the extent the Plaintiff may be attempting to bring a state law breach of contract claim against the union, she has failed to allege any facts to state a claim of breach of contract under Indiana law. "The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." *Berg v. Berg*, 170 N.E.3d 224, 231 (Ind. 2021) (citation omitted). She has not identified the existence of a contract or offered facts as to how the union breached the contract. Moreover, under the doctrine of complete preemption, "§ 301(a) of the Labor Management Relations Act displaces entirely any state cause of action for violation of a collective bargaining agreement." *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 293–94 (7th Cir. 2018) (cleaned up) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983)); *but see Loewen Grp. Int'l, Inc. v. Haberichter*, 65 F.3d

4

1417, 1421 (7th Cir. 1995) ("[N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301." (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985))). The Complaint brought against Defendant Gary Teachers Union is dismissed for failure to state a claim.

As for Defendant Gleneva Duhnam, the Plaintiff's Complaint fails to state a claim because the Plaintiff has not alleged any facts related to Gleneva Duhnam. In addition, to the extent the Plaintiff may be attempting to state a claim against Duhnam under the LMRA for the union's failure to submit a grievance on the Plaintiff's behalf, the statute does not authorize claims against individual union officers. *See Leach v. Hicks*, No. 22 CV 50004, 2024 WL 916318, at *2 (N.D. Ill. Mar. 4, 2024) (citing *Slavich v. Loc. Union No. 551*, No. 84 CV 454, 1986 WL 6957, at *1 n.1 (N.D. Ill. June 13, 1986) (citing *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 247–48 (1962))); 29 U.S.C. § 185. The Complaint brought against Defendant Duhnam is dismissed for failure to state a claim.

Thus, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until May 3, 2024, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. In addition, the amended complaint must include the address for each Defendant, and the Plaintiff must include complete, proposed summons with the amended complaint. Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis or pay the filing fee. If the Plaintiff does not file an amended complaint by May 3, 2024, the Court will direct the Clerk of Court to close this case.

5

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until May 3, 2024, to file an amended complaint, accompanied by a new Motion to Proceed In Forma Pauperis *or* the filing fee. If the Plaintiff does not file an amended complaint by May 3, 2024, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

SO ORDERED on April 1, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT